■ IVA BEEBE, Appellant, v VAUGHN LANGWORTHY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants. — Cross appeals from an order of the Supreme Court at Special Term, entered March 14, 1980 in Warren County, which denied plaintiffs' motion for summary judgment in an action for money had and received, for conversion, and for breach of contract to reassign a mortgage, and which denied defendants' cross motion for summary judgment. The plaintiffs purchased a motel from the defendants, Vaughn and Barbara Langworthy. The plaintiffs, as part of the purchase price, gave the Langworthys a bond and mortgage in the sum of $31,000, with interest. The plaintiffs subsequently sold the premises to the third-party defendants Lakeshore Court, Incorporated, and to Robert and Eleanor Hunter and took back, as part of the purchase price, a second bond and mortgage in the sum of $37,750. The Langworthys agreed to discharge the first mortgage upon receipt by them from the plaintiffs of $26,009.20 in cash and a promissory note for $11,825.80 to be secured by the assignment by the plaintiffs of the second bond and mortgage running from Lakeshore Court, Incorporated and the Hunters to the plaintiffs. Plaintiffs' attorney prepared the assignment and the notice thereof was sent to Lakeshore Court, Incorporated, and the Hunters. The

assignment states on its face that it was to secure a note in an amount less than the assigned mortgage, but the notice made no mention that the assignment was for security only. The Hunters decided to sell the motel and asked the Langworthys to state the amount due to them on the assigned mortgage. The Langworthys stated that the amount due to them was $7,906.90, the amount remaining on the note that was secured by the assignment of the mortgage. Lakeshore Court, Incorporated, and the Hunters paid that amount, but did not pay the entire amount due on the mortgage. A discharge of mortgage was prepared by the Hunters' attorney. After payment, a discharge of mortgage was executed and recorded. The discharge refers to the assignment and also states that the mortgage was paid. The Langworthys thereafter communicated with the Beebes concerning the sale of the motel by the Hunters and asked whether a satisfaction of the Hunters' obligation to the Beebes under the bond and mortgage had occurred. The plaintiffs then demanded payment from the Langworthys of the balance due under the second bond and mortgage which had been assigned to them. The payment was refused. Plaintiffs sued the Langworthys and contend that the assignment of the bond and mortgage was given as collateral security for another note, and that the discharge of the mortgage by Langworthys of the bond and mortgage is conversion as a matter of law. The Langworthys sued the Hunters and Lakeshore Court, Incorporated, in a third-party action for indemnification and punitive damages. The Langworthys argue that the assignment was partial, that the satisfaction of the mortgage by them as assignees was only effective to discharge their own partial interest in the mortgage and could not affect the assignor's retained interest, and that, therefore, no conversion took place. They also contend that they were not paid for other than what was due them under their note and, therefore, judgment for money had and received cannot be had. *Andy Assoc. v Bankers Trust Co.* (49 NY2d 13) is dispositive of the issues in this case. The Court of Appeals there held that the discharge executed by the assignee of the mortgage for collateral security is effective only to discharge his own collateral interest in the mortgage and not the mortgage itself when it appears from the face of the record that the assignee has a limited interest in the mortgage. Here, the assignment of the mortgage expressly states that it was made as collateral security. The purchaser of the motel from the Hunters was, therefore, on notice that the mortgage was outstanding, despite the recorded satisfaction, because the face of the record indicated the limited interest of the assignee. The mortgage continues to exist and, no conversion has occurred. Also, there being no contravention of the Langworthys' averments that they never received any moneys except as due them under the note, the cause of action for moneys had and received must fall. Order modified, on the law and the facts, by granting defendants' cross motion for summary judgment dismissing plaintiffs' causes of action in conversion and for money had and received, and, as so modified, affirmed, with costs to defendants. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.